UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-D-1616 (CBS)

JAMES GRALUND, DANIEL TIGHE, SUSAN TIGHE, DIANE WHITENER, and ARLEN WHITSIT,

   Plaintiffs,

v.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,

   Defendant.
_____

**ORDER OF DISMISSAL**
_____

THIS MATTER is before the Court on Plaintiffs' First Amended Motion To Dismiss Without Prejudice, filed September 23, 2005 (the "Motion"). Defendant filed a Response to the Motion on October 3, 2005, and Plaintiffs filed a Reply in support of the Motion on October 11, 2005. In the Motion, Plaintiffs requests that this Court dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiffs state that they believe that the claims remaining in this action will be resolved in a pending EEOC action, if it is certified as a class.

Plaintiffs initiated this matter with the filing of their Complaint on August 25, 2003. On December 12, 2004, Defendant moved for summary judgment on all of Plaintiffs' claims under the Rehabilitation Act as alleged in Plaintiffs' Third Amended Complaint. On April 29, 2005, this Court granted Defendant's motion in part and denied the motion in part. The Court granted Defendant's motion as to the claims of

James Graland and Arlen Whitsit on the basis that their claims are time-barred, and directed the Clerk of Court to enter judgment in favor of Defendant and against James Graland and Arlen Whitsit as to their claims. The Court further ordered that the claims of Diane Whitener, Susan Tighe and Daniel Tighe are partially time-barred as to any alleged discriminatory incidents that occurred more than 45 days before their meeting with EEO counselors. The Court found that it is undisputed that Whitener first met with an EEO counselor on April 16, 2002 and the Tighes first met with an EEO counselor on March 22, 2002. Therefore, *any* matter that Plaintiffs claim was discriminatory that occurred more than 45 days before these meetings is time-barred, whether the incident relates to the interpreter or non-interpreter claims.

Defendant objects to the dismissal and notes that this Court's order on summary judgment effectively dismissed all of Plaintiffs' claims except for Plaintiff Diane Whitener's claim based on an alleged failure to accommodate her at a meeting on April 11, 2002. Defendant requests that judgment be entered consistent with the Court's ruling on the motion for summary judgment. Defendant states that it would not object to dismissal of Defendant Whitener's remaining claim if the dismissal is entered with prejudice and asserts that it will suffer legal prejudice if the dismissal is entered without prejudice. In their Reply, Plaintiffs acknowledge that "[w]hile only one of the Plaintiff's claims is still intact with this Court, all Plaintiffs are awaiting Class Action Certification from the Equal Employment Opportunity Commission . . . ."

Fed. R. Civ. P. 41(a)(2) provides that an action may be dismissed "upon order of the court and upon such terms and conditions as the court deems proper." The Court

generally disfavors entering a dismissal under Rule 41(a)(2) without prejudice at this stage of the litigation.  However, under the circumstances of this case, the Court will grant Plaintiffs' Motion and dismiss Plaintiff Whitener's remaining claim without prejudice in order to permit Plaintiffs to await a decision regarding the status of the pending EEOC action.  Therefore, it is hereby

ORDERED that Plaintiffs' First Amended Motion To Dismiss Without Prejudice, filed September 23, 2005, is **GRANTED**, and pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Diane Whitener's claim based on alleged discriminatory incidents occurring 45 days prior to April 16, 2002, is dismissed without prejudice.  It is

FURTHER ORDERED that the case is now concluded.


Dated:  October 19, 2005

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      U. S. District Judge